# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 3:14-cr-00179-8 |
| ) | Judge Trauger |
| ANTONIO WITHERSPOON ) | |

## MEMORANDUM AND ORDER

The defendant, Antonio Witherspoon, pled guilty to conspiring to distribute, and to possess with intent to distribute, less than 500 grams of cocaine as part of a plea agreement under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure. (Doc. No. 362 at 4–5; Doc. No. 363.) On March 8, 2018, this court sentenced the defendant to a term of 70 months' imprisonment in the custody of the Bureau of Prisons (BOP), to be followed by three years of supervised release. (Doc. Nos. 374–376.)

Pending before the court is the defendant's Motion Requesting a Judicial Recommendation Concerning Length of RRC/Halfway House Placement. (Doc. No. 378.) Specifically, the defendant requests that the court issue a non-binding recommendation to the BOP that he be provided with time at a Residential Reentry Center ("RRC")/halfway house under the Second Chance Act of 2008, in addition to the six months of home confinement the BOP has deemed him eligible for, so that he will spend a total of "at least 270 days of RRC/Halfway house placement or

home confinement," beginning "in July of this year." (*Id.* at 3.)[1] The Government has not filed a response to the defendant's motion. For the following reasons, the motion will be denied.

Pursuant to 18 U.S.C. § 3621, the BOP "shall designate the place of the prisoner's imprisonment" based on its consideration of multiple factors, most of which are specific to the individual prisoner. 18 U.S.C. § 3621(b). Under the Second Chance Act, which amended 18 U.S.C. § 3624(c)(1), the BOP Director "shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." *Id.* § 3624(c)(1); see *Demis v. Sniezek*, 558 F.3d 508, 513–14 (6th Cir. 2009) (stating that Second Chance Act amended § 3624(c) to authorize BOP to consider alternative placement "for up to the final 12 months of his or her sentence, rather than the final six months that were available pre-amendment") (citation omitted). "Such conditions may include a community correctional facility," 18 U.S.C. § 3624(c)(1), such as an RRC or halfway house, or home confinement. However, a prisoner may only be placed in home confinement "for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." *Id.* § 3624(c)(2).

"Pursuant to the administrative regulations accompanying the Second Chance Act, the decision to place an inmate in pre-release community confinement is discretionary and will be determined on an individual basis according to the factors in 18 U.S.C. § 3621(b)." *Lovett v. Hogsten*, No. 09-5605, 2009 WL 5851205, at *1 (6th Cir. Dec. 29, 2009) (internal quotation marks

---

[1] The defendant is set to be released from confinement on March 19, 2020, and his "home detention eligibility date" is listed as September 19, 2019 on a printout attached to his motion. (Doc. No. 378 at 5.)

and citation omitted). One of the factors that the BOP considers under § 3621(b) is "any statement by the court that imposed the sentence . . . recommending a type of penal or correctional facility as appropriate." 18 U.S.C. § 3621(b)(4)(B).

Here, the defendant contends that allowing him to finish his sentence by adding at least three months in an RRC to the six months of home confinement he is scheduled to serve will aid his reentry into society. The court appreciates the defendant's apparent compliance with prison rules and efforts for self-improvement while incarcerated,[2] and does not doubt that his motion is motivated by an earnest desire to maximize his chances of successful reentry into society. Nonetheless, he reports that he is requesting the court's recommendation because, although the BOP "usually provide[s] at least 6 months of RRC/Halfway house" time, he has been informed that it will not do so in his case. (Doc. No. 378 at 3.)

The BOP, not the court, is in the best position to evaluate the appropriate place for the defendant to serve his sentence. The BOP has evidently deemed it appropriate to limit the defendant's transitional time to a six-month period of home confinement, without any additional placement in an RRC or halfway house. Regardless of the defendant's eligibility under the Second Chance Act to serve up to twelve months of his sentence outside of the federal facility where he currently resides, and his quarrel with the sufficiency of the shorter time the BOP has decided to allow (Doc. No. 378 at 2), the court will not second-guess the BOP's judgment with a post hoc recommendation that it increase to 270 the number of days the defendant serves outside of the prison. *See Lovett*, 2009 WL 5851205, at *2 ("[T]he Second Chance Act does not guarantee a one-

---

[2] The defendant has attached an exhibit to his motion reflecting that he has taken several vocational classes and received his GED (Doc. No. 378 at 7), and he otherwise reports that he has taken drug and alcohol classes, held a job and completed additional job training, maintained "a good rapport with the unit administration," and avoided any disciplinary issues. (*Id.* at 2.)

year RRC placement, but only directs the Bureau of Prisons to consider placing an inmate in a RRC for *up to* the final twelve months of his or her sentence." (citing *Demis*, 558 F.3d at 514)); *see also United States v. Statzer*, No. 1:08CR024-020, 2016 WL 5940926, at *1 (W.D. Va. Oct. 13, 2016) ("The BOP has sole discretion in deciding whether to place a prisoner in a halfway house, and if so, for how long." (citing *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 251 (3d Cir. 2005))).

To the extent that the defendant seeks to challenge the determination of the BOP regarding the execution of his sentence, the proper vehicle is a petition under 28 U.S.C. § 2241. *Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004) (citations omitted). The proper court in which to file a § 2241 petition is "the court having jurisdiction over the prisoner's custodian," *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999) (citations omitted), and the defendant is currently incarcerated at the Federal Correctional Institution in Manchester, Kentucky. (Doc. No. 378 at 1.) Thus, to the extent that the defendant's motion could be construed as a challenge to the BOP's determination regarding the execution of his sentence, it is not in the proper format or in the proper judicial district.

Accordingly, the defendant's motion (Doc. No. 378) is **DENIED**.

It is so **ORDERED**.

ENTER this 14th day of June 2019.

_____
ALETA A. TRAUGER
United States District Judge